ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| POPULAR MEZZANINE FUND, LLC, Peticionaria, v. GIAN C. PIOVANETTI; LEAN ADVISORY GROUP, LLC; CARLA MICHELLE LÓPEZ ARROYO, NEW ADVISORY SOLUTIONS, LLC; FLT ENTERTAINMENT, LLC; KASSIA, LLC; CORPORACIÓN XYZ; COMPAÑÍA ABC; JOHN DOE, RICHARD ROE Y MELODY POE; ASEGURADORA X; FIADORA Z, Recurrida. GREENGIFT CAPITAL, LLC, Parte con interés. | TA2026CE00810 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. Civil núm.: SJ2025CV11121. Sobre: daños y perjuicios. |

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2026.

Examinado el recurso de *certiorari* presentado por la parte peticionaria, Popular Mezzanine Fund, LLC (Popular), el 24 de junio de 2026, y prescindiendo de la comparecencia de la parte recurrida[1], este Tribunal dispone como sigue.

La presentación del recurso de marras tiene como fin que este foro intermedio expida el auto discrecional de *certiorari* y revoque la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el

---

[1] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).

26 de mayo de 2026. En ella, el foro primario declaró **sin lugar** la solicitud de desestimación de la reconvención instada por FLT Entertainment, LLC, y Kassia, LLC, en contra de Popular[2].

Es decir, Popular planteó que, conforme a la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, la reconvención en su contra dejaba de exponer una reclamación que justificara la concesión de un remedio a favor de las compañías reconvinientes. Por su parte, el Tribunal de Primera Instancia concluyó que, "[…] evaluadas las alegaciones de la Reconvención de la forma más favorable a las reconvenientes, estas son suficientes para superar el estándar aplicable a una moción de desestimación." El tribunal aclaró que su determinación en esta etapa no constituía una adjudicación sobre los méritos de la reconvención, como tampoco adjudicaba la veracidad de las alegaciones de las reconvinientes.

Por tanto, examinada la *Resolución* recurrida y el expediente electrónico del caso de marras, a la luz del derecho aplicable, este Tribunal concluye que Popular no logró establecer que el foro primario hubiera incurrido en error alguno que justifique nuestra intervención en esta etapa de los procedimientos. Afirmamos que, en cuanto a este último asunto, no concurren los criterios establecidos en la Regla 40 del Reglamento de este Tribunal, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), para expedir el auto de *certiorari*.

En mérito de lo antes expuesto, denegamos la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Para un resumen del tracto procesal y los antecedentes de este caso, nos remitimos a la *Resolución* final emitida por un panel hermano el 17 de junio de 2026, en el recurso TA2026CE00595.